IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-034-WJM-1
*Case No. 24-y-0438-WJM*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **MICHAEL SHAWN STEWART,**
2.    BRYANT EDWIN SEWALL,

    Defendants.

## ORDER DENYING THIRD PARTY MICHAEL YOUNG'S MOTION TO INTERVENE

    This matter comes before the Court on Third Party Michael Young's Motion to Intervene to Protect His Assets Against Preliminary and Final Order of Forfeiture ("Motion") (ECF No. 1). Through the Motion, Young seeks to intervene in the criminal forfeiture proceedings in *United States v. Stewart et al.,* Criminal Case No. 21-cr-0034-WJM ("Criminal Case").

    Defendant Michael Shawn Stewart filed a response, indicating he has "no position as to Mr. Young's ability or right to intervene in the criminal forfeiture proceedings." (ECF No. 8 at 1.)[1] However, the United States filed a response opposing the Motion (ECF No. 5), to which Young filed a reply (ECF No. 9).

---

[1] Young filed a motion to intervene as to each Defendant in Case Nos. 24-y-00437-WJM (Sewall) and 24-y-00438-WJM (Stewart), respectively. The briefing on the motions to intervene is substantially identical, as is the Court's Order denying the motions.

The parties and the Court are familiar with the facts and procedural posture of the criminal forfeiture proceedings in the Criminal Case. As relevant here, of course, this includes the preliminary orders of forfeiture entered last week in the Criminal Case. (ECF Nos. 439, 440). The Court thus proceeds directly to the analysis of its decision. For the reasons set forth below, the Motion is denied.

## I.   ANALYSIS

Young asserts he should be permitted to intervene in the Criminal Action "to protect his constitutional right prohibiting the federal government from depriving him of his property without due process" *before* the Court enters any preliminary order of forfeiture. (ECF No. 1 at 1.) There is no mechanism for third-party intervention in criminal proceedings under the Federal Rules of Criminal Procedure. Rather, Young relies on a narrow body of case law in which federal courts have, in limited circumstances, permitted a third party to intervene where their "constitutional or federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" *United States v. Rosenschein,* 2020 WL 2750247, at *1 (D.N.M. May 27, 2020).[2]

However, the law is clear that, when entering a preliminary order of forfeiture in a criminal case, the Court's analysis is limited to determining whether "the property at issue is forfeitable under an applicable statute." *U.S. v. Andrews,* 530 F.3d 1232, 1236

---

[2] *See also, e.g., United States v. Feeney,* 641 F.2d 821, 824 (10th Cir. 1981) ("persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders" barring or limiting the disclosure of such materials); *United States v. Carmichael,* 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) (press permitted to intervene where decision to close criminal proceedings to the public may affect First Amendment rights).

(10th Cir. 2008) (citing Fed. R. Crim. P. 32.2(b)(1).). If the Court so determines,

> it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. *The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).*

Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added); *see also* 21 U.S.C. § 853(k) (no party claiming an interest in property subject to forfeiture under this section may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section"). As a result, "the court does not—and, indeed, *may not*—determine the rights of any third parties who assert an interest in the property." *Andrews,* 530 F.3d at 1236 (citing *id.*) (emphasis added). Instead, third parties are afforded an opportunity to assert their rights to any property subject to a preliminary order of forfeiture in a subsequent "ancillary proceeding." Fed. R. Crim. P. 32.2(c); *see also* 21 U.S.C. § 853(n).

Nonetheless, Young argues that neither § 853(k) nor Rule 32.2(b)(2) precludes him from intervening. Specifically, he asserts that § 853(k) only prohibits a party from intervening "in trials or appeals, *not* forfeiture proceedings." (ECF No. 9 at 8.) He asserts, moreover, that Rule 32.2(b)(2) "contains no prohibition on intervention whatsoever." (*Id.*)

The Court finds no merit in these arguments. The federal courts have consistently interpreted § 853(k) and Rule 32.2 to mean that an ancillary proceeding is the *exclusive* means through which a third party may assert an interest in property subject to criminal forfeiture. *See, e.g., DSI Assocs. LLC v. U.S.,* 496 F.3d 175, 183 (2d

Cir. 2007) ("It is well established that third parties may not intervene during *criminal forfeiture proceedings* to assert their interests in the property being forfeited.") (emphasis added); *U.S. v. Davenport,* 668 F.3d 1316, 1320–21 (11th Cir. 2012) ("An ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property."); *U.S. v. Lazarenko,* 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property.").

Young further suggests the Court should permit him to intervene prior to entry of a preliminary forfeiture order because the threat to his due process rights is unique insofar as the Government "will not unequivocally agree not to seize or sell [his] assets prior to the resolution of any ancillary proceeding." (ECF No. 101 at 4.) The Court is unpersuaded this differentiates Young from any other third party whose assets are subject to a preliminary order of forfeiture, to whom the same procedures regarding seizure, interlocutory sale, and the commencement of ancillary proceedings apply. *See* Fed. R. Crim. P. 32.2(b)(3); *id.* 32.2(b)(7). As to all such third parties, "Congress has determined that § 853(n) . . . provides the means by which [their due process] rights must be vindicated." *Libretti v. United States,* 516 U.S. 29, 44 (1995). To accept that Young's due process rights may only be vindicated in this case via an intervention would thus render § 853(n) superfluous.

As a practical matter, the Court also agrees with the Government that Young's concerns regarding the potential interlocutory sale and seizure of his assets appears overblown. The Government cannot unilaterally sell *any* asset in the preliminary order of forfeiture unless it first obtains this Court's leave to do so and demonstrates

> (A) The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

See Fed. R. Crim. P. 32.2(b)(7); Fed. R. Supp. Adm. & Maritime Claims G(7)(b)(i). At least currently, none of those indicia appear to be present. And should the Government decide to pursue an interlocutory sale of any of Young's assets later, Young will have an opportunity to oppose that motion should it arise. Indeed, the Government has similarly represented to Young's counsel:

> We do not intend to move to take custody of any assets after the entry of the [Preliminary Order of Forfeiture]. We will discuss any decision we make to take custody of any asset with you prior to doing so. I also do not anticipate filing a motion for interlocutory order for the real property. In most cases, and I do not see the need for this to be different, we only take custody of real property upon entry of a final order after adjudication of any third-party claims. If that changes, I will again talk to you both prior.

(ECF No. 5-2.)[3]

As a lesser alternative, Young also asks "that the government be ordered unequivocally not to seize or sell any of the Young family assets pending the outcome of any ancillary proceedings." (ECF No. 9 at 11.) For the reasons described above, an order prohibiting the interlocutory sale of any assets subject to the preliminary order of forfeiture is unnecessary. It is otherwise unclear to the Court that it has the authority or

---

[3] The Government also acknowledges that it cannot unilaterally seize and sell Young's assets at issue for the additional reason that they are currently in the possession and control of a receiver by order of Judge Raymond P. Moore in the related "SEC Action," which is currently stayed. See S.E.C. v. Mediatrix Capital Inc., et al., Civil Action No. 19-cv-2594-RM-TPO, ECF No. 153, Order Appointing Receiver (D. Colo. Sept. 11, 2020).

discretion to enter an order precluding the Government "unequivocally not to seize" assets subject to the preliminary forfeiture order, and Young has cited no authority to support this request. Accordingly, the Court declines to do so at this time. The Court understands Young's concerns as to the disposition of his assets and will move forward with any timely-filed ancillary petition(s) as expeditiously as practicable.

The remainder of Young's arguments in favor of intervention are substantive objections to the inclusion of his assets in the preliminary order of forfeiture. However, Young lacks standing to challenge the forfeitability of those assets. *United States v. Muckle,* 70 F. Supp. 2d 1371, 1374 (M.D. Ga. 2010) ("Because the ancillary proceeding affords the exclusive opportunity for third parties to assert any ownership interest that would require amendment of a preliminary order of forfeiture, 'a third party has no right to challenge the preliminary order's finding of forfeitability.'" (quoting *Andrews,* 530 F.3d at 1236)). Young may, of course, reassert any of the arguments in his Motion he believes relevant to whether his assets should be excluded from the Court's *final* forfeiture order in an appropriate ancillary proceeding.

## II.   CONCLUSION

For the reasons set forth above, the Motion is DENIED without prejudice to Young reasserting the arguments raised herein in an appropriate ancillary proceeding. To the extent Young desires to do so, he is directed to file a petition in the Criminal Case to initiate such an ancillary proceeding in accordance with the procedural requirements and filing deadlines set forth in 21 U.S.C. § 853(n).

Dated this 25th day of November, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge